IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN J. JAEGER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:07CV1409 |
| ) | |
| UNITED STATES GOVERNMENT ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO DISMISS**

The United States of America moves pursuant to Fed. R. Civ. P. 12(b)(1) and (6) to dismiss plaintiff's complaint.  As grounds for this motion, the defendant asserts that this Court lacks subject-matter jurisdiction over various of plaintiff's claims because the United States has not waived sovereign immunity.  Plaintiff's claim for unauthorized disclosure of tax return information is deficient for failing to state a claim upon which relief can be granted.  Finally, plaintiff has failed to comply with Fed. R. Civ. P. 8(a) regarding his remaining claims.

A memorandum of law in support of this motion as well as a proposed order are filed concurrently with this motion.

Dated: October 16, 2007

                                        Respectfully submitted,

                                        /s/ Benjamin J. Weir
                                        BENJAMIN J. WEIR (D.C. Bar No. 494045)
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        Post Office Box 227
                                        Ben Franklin Station
                                        Washington, D.C. 20044
                                        Telephone: (202) 307-0855

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

**CERTIFICATE OF SERVICE**

I, Benjamin J. Weir, certify that on October 16, 2007, a copy of the foregoing Defendant's Motion to Dismiss was served upon the following via postage prepaid U.S. Mail:

        Jonathan J. Jaeger
        7 Blue Coat Lane
        Westport, CT 06880

        /S/ Benjamin J. Weir
        BENJAMIN J. WEIR

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JONATHAN J. JAEGER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07CV1409 |
| | ) | |
| UNITED STATES GOVERNMENT | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

Jonathan J. Jaeger, once again challenging his federal tax obligations 1/, seeks damages pursuant to 26 U.S.C. § 7433 for conduct related to the Internal Revenue Service's assessment and collection of taxes, as well as a purported unauthorized disclosure of personal tax return information. For the reasons set for below, the complaint should be dismissed.

**Argument**

**I.    Section 7433 does not provide a cause of action for conduct related to tax assessment**

The United States has not waived sovereign immunity regarding conduct related to the assessment of taxes and, thus, no cause of action exists. Counts 1 and 14 are premised upon conduct during the assessment process and must be dismissed for lack

---

1/ See Jonathan J. Jaeger v. United States, No. 1:06cv625-JDB (D.D.C.), dismissed for failure to state a claim upon which relief can be granted, 2006 WL 1518938 (D.D.C. 2006).

of subject matter jurisdiction.

It is well-settled that the United States is immune from suit unless its sovereign immunity has been waived and that a plaintiff must strictly comply with the requirements contained in any statute waiving sovereign immunity. See e.g. United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992). The party bringing suit must show that the United States has unequivocally waived its sovereign immunity. McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936)).

26 U.S.C. § 7433 provides a cause of action regarding conduct related to the "collection of Federal tax with respect to a taxpayer. . ." (emphasis added). The statute is silent regarding conduct related to the assessment of taxes. As a result, it is well-settled that there is no right of action under section 7433 for conduct during the assessment process. See e.g. Buaiz v. United States, 471 F. Supp. 2d 129, 136 (D.D.C. 2007) ("§ 7433 waives the United States' sovereign immunity only with respect to claims arising from the collection of income taxes").

Sovereign immunity regarding the allegations contained in counts 1 and 14 have not been waived and this Court lacks subject matter jurisdiction. This requires dismissal of these claims pursuant to Fed. R. Civ. P. 12(b)(1). See Id. at 135-36.

**II.     Jaeger's claim for unauthorized disclosure of return information is barred by the statute of limitations and is deficient for failure to allege any conduct constituting an unauthorized disclosure**

Counts 5, 6 and 7 of Jaeger's complaint are: (a) barred by the statute of

limitations; and (b) deficient for failure to allege conduct constituting an unauthorized disclosure of return information.

Jaeger's unauthorized disclosure of return information claim is barred by the two year statute of limitations contained in section 7433. Jaeger alleges that the defendant disseminated an unauthorized disclosure of return information by filing a notice of federal tax lien with the "County Recorder/Register of Deeds of, County, State of Connecticut". (Compl. Count 5). As with each of his other counts, discussed *infra*, Jaeger omits all factual information regarding the notice of federal tax lien. This omission presumably stems from the fact that the notice of federal tax lien was filed in January 2005. The two year statute of limitations thus expired in January 2007. As Jaeger's complaint was not filed until August 2, 2007, this claim is clearly barred by the two year statute of limitations and must be dismissed.

Jaeger's claim regarding the unauthorized disclosure of return information additionally fails because it fails to state a claim upon which relief can be granted. While 26 U.S.C. § 6103 provides civil damages when there is a negligent or willful violation of its provisions, it also explicitly states that certain disclosures of tax return information are permissible. Specifically, the section provides that:

> An internal revenue officer or employee . . . may, in connection with his official duties relating to any . . . collection activity . . . disclose return information to the extent that such disclosure is necessary . . . with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of [Title 26]. Such disclosures shall be

>made only in such situations and under such conditions as
>the Secretary may prescribe by regulation.

Pursuant to this statute, the Secretary of the Treasury has promulgated regulations permitting disclosures necessary "to locate assets in which the taxpayer has an interest . . . or otherwise to apply the provision of the Internal Revenue Code relating to establishment of liens against such assets. . ." 26 C.F.R. § 301.6103(k)(6)-1(a)(vi).

Jaeger's allegation that tax return information was improperly disclosed via the filing of the notice of federal tax lien fails as such conduct is explicitly permitted under section 6103(k)(6) and 26 C.F.R. § 301.6103(k)(6)-1(a)(vi). As such, plaintiff has failed to state a claim upon which relief can be granted as he has not alleged an unauthorized disclosure of return information that violates the provisions of section 6103.

Counts 5, 6 and 7 should be dismissed because the plaintiff has not filed suit within the statute of limitations and for his failure to state claim upon which relief can be granted.

### III.     Jaeger's remaining claims fail to fulfill Fed. R. Civ. P. 8(a)

The remaining counts are legally insufficient and should be dismissed under Fed. R. Civ. P. 12(b)(6). Jaeger purports to state a claim for damages. Under Rule 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The complaint must give "fair notice of the basis for . . . claims and the grounds upon which they rest." <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 507 (2002).

Jaeger's complaint, however, merely restates statutory language and alleges no facts in support of his claims. Each count in Jaeger's complaint simply quotes and/or paraphrases the statutory language in conjunction with statements: (a) that the defendant has violated the quoted statute; and (b) has "refused to provide plaintiff(s), upon request, with documents evidencing that defendant has complied with the aforementioned statute/regulation". 2/ Jaeger has, therefore, failed to make an initial showing of the grounds for his claims as the complaint is devoid of any and all facts. See Buaiz, 471 F. Supp. 2d at 137 (noting that when "deciding a motion under Rule 12, the Court need not accept as true conclusions of law or legal conclusions cast as factual allegations" and holding that the plaintiff cannot state a valid cause of action by simply "copying the language from the statute into his Complaint.").

Since plaintiffs' complaint fails to provide either notice of the basis of his claims or the grounds upon which they rest, this Court should conclude that plaintiff has not, in fact or law, stated a claim. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). Because plaintiff has failed to state a claim upon which relief can be granted, this Court should dismiss the remaining counts.

**IV.   Damages pursuant to Section 7214(a) are inapplicable**

---

2/ The United States notes that Count 9 of plaintiff's complaint contains a citation of "See attached affidavit". However, the United States was not served with any such affidavit other than the "Acknowledgment" signed by Joanna M. Hayek, which appears to be limited to Hayek attesting that Jaeger signed the complaint in her presence. (Compl. 14). Further, no other "affidavit" is available on the Court's ECF/Pacer website.

Jaeger's prayer for damages pursuant to section 7214(a) fails for two reasons. (Compl. 13). First, section 7214 is irrelevant to a claim under section 7433 because section 7433 delineates its own measure of damages. See 26 U.S.C. §7433(b). Second, section 7214 provides no private cause of action against the United States.3/ See United States v. Little, 753 F.2d 1420, 1437 (9th Cir. 1985); United States v. Hill, 2006-1 U.S.T.C. ¶ 50,252 (D. Ariz. 2005). Accordingly, damages pursuant to section 7214 are inapplicable.

## Conclusion

This Court should dismiss the complaint for the following reasons. First, the United States has not waived sovereign immunity regarding plaintiff's claims related to conduct involving the assessment of federal taxes. Second, the complaint fails to state a claim for an unauthorized disclosure of tax return information. Finally, Jaeger has not complied with Fed. R. Civ. P. 8(a) for the remainder of his claims.

---

3/ Following a criminal conviction of a revenue employee, damages may be recoverable by the victim. See Watts v. IRS, 925 F. Supp. 271, 279 (D.N.J. 1996): Brunwasser v. Jacob, 453 F. Supp. 567, 572-73 (W.D. Pa. 1978). However, plaintiff has not alleged any such criminal conviction nor is the undersigned counsel aware of any such conviction.

Dated: October 16, 2007

                                      Respectfully submitted,

                                      _____/s/ Benjamin J. Weir_____
                                      BENJAMIN J. WEIR (D.C. Bar No. 494045)
                                      Trial Attorney, Tax Division
                                      U.S. Department of Justice
                                      Post Office Box 227
                                      Ben Franklin Station
                                      Washington, D.C.  20044
                                      Telephone: (202) 307-0855

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

**CERTIFICATE OF SERVICE**

I, Benjamin J. Weir, certify that on October 16, 2007, a copy of the foregoing Defendant's Motion to Dismiss was served upon the following via postage prepaid U.S. Mail:

>Jonathan J. Jaeger
>7 Blue Coat Lane
>Westport, CT 06880.

>/S/ Benjamin J. Weir
>BENJAMIN J. WEIR

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN J. JAEGER             )<br>                                                          )<br>          Plaintiff,                           )<br>                                                          )<br>v.                                                   )     No. 1:07CV1409<br>                                                          )<br>UNITED STATES GOVERNMENT  )<br>                                                          )<br>          Defendant.                        )| |

**<u>ORDER</u>**

Having considered the pleadings and heard oral argument, and for good cause shown, it is:

ORDERED that Defendant's motion to dismiss is GRANTED; and

ORDERED that the case be DISMISSED.

_____
UNITED STATES DISTRICT JUDGE