# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Jonathan J Jaeger

          Plaintiff(s),

v.

United States

          Defendant.

Case No. 1:07-cv-01409 (JDB)

RESPONSE TO MOTION TO DISMISS

Plaintiff responds to defendants' Motion to dismiss.

Defendants' Motion to Dismiss raises several grounds all of them frivolous and all based on the opinion of an attorney.

Counsel presents his own opinions as to why the court should dismiss plaintiff's complaint. Counsel presents little or no authority to support his opinions. It is well setted that the opinions of an attorney are not facts. Counsel asserts that the court has no authority to interfere with the assessment process. Counsel asserts that plaintiff owes taxes.

Plaintiff asserts that there is no evidence and/or facts presented by counsel to establish that plaintiff owes taxes. Plaintiff asserts that there is no evidence and/or facts before the court to establish that the IRS has made an assessment. Plaintiff asserts that the IRS has not assessed any taxes against him.

Plaintiff asserts that the regulation cited by counsel is unconstitutional and unenforceable because it allows the IRS to disclose personal information sufficient to subject the plaintiff to identity theft. It appears to the plaintiff that counsel is an accessory to the possibility of identity theft. The Federal Tax Lien on file discloses sufficient

RECEIVED

NOV 1 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

information for an unscrupulous person to acquire sufficient information to assume the identity of the plaintiff. Plaintiff has a real concern about having that information in the public domain. The aforementioned lien discloses plaintiff's name, address, city, and social security number. With that information an unscrupulous can obtain sufficient information to cause serious life time problems for the plaintiff. Identity theft is a serious problem in this nation and the IRS provides thieve with all the information they need to steal plaintiff identity.

Counsel is correct that all plaintiff needs to provide is a short plain statement of what plaintiff is alleging. However counsel withholds from the court the balance of what Rule 8 states. It is well settled that plaintiff need not state evidentiary facts in his complaint. Parties should plead claims in a simple direct and concise manner consistent with the notice pleading standard of Rule 8(a). Parties should set forth the averments in general terms and should omit evidentiary material. (Federal Rules of Civil Procedure Handbook 2002 West Group)

As to the 2 year statute of limitation counsel would have the court believe that the statute begins to toll when the act is committed. However, it is well settled that the statute of limitation begins to toll when the complaining party discovers the act and has sufficient information to commence an action. Plaintiff asserts that plaintiff commenced this action within two years after discovering the act and within two years after discovering sufficient information to commence an action.

Wherefore pursuant to the above plainfiff requests that the Court deny defendants motion to dismiss.

Dated 11/15, 2007

*Jonathan J Jaeger*
Jonathan J Jaeger

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on:

Benjamin. Weir
Trial Attorney, Tax Division
U.S. Department of Justice
P. O. Box 227
Ben Franklin Station
Washington D.C. 20044

Dated 11/15, 2007

*Jonathan J Jaeger*
Jonathan J Jaeger

