IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN J. JAEGER | ) |
|        Plaintiff, | ) |
| v. | )   No. 1:07CV1409 |
| UNITED STATES GOVERNMENT | ) |
|        Defendant. | ) |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

The United States of America submits this reply brief in support of its motion to dismiss. The motion to dismiss should be granted because the plaintiff's opposition simply contains rhetoric and is devoid of supporting caselaw or statutory authority.

**I.   Counts 1 and 14 must be dismissed as Section 7433 does not provide a cause of action for conduct related to tax assessment**

26 U.S.C. § 7433 has only waived sovereign immunity with respect to claims arising from the collection of income taxes. See Buaiz v. United States, 471 F. Supp. 2d 129, 136 (D.D.C. 2007). Jaeger's claim that "the IRS has not assessed any taxes against him" is of no import given that Section 7433 claims are only permissible for conduct relating to the collection of income taxes. Id. Jaeger's claims that the Service has not made any assessments against him are immaterial to his Section 7433 claims. These Counts should be dismissed as the United States has not waived sovereign immunity to allow claims regarding the assessment of taxes pursuant to Section 7433.

**II.     Jaeger cannot save his claims regarding the unauthorized disclosure of return information**

Jaeger rebuts the United States' motion to dismiss the unauthorized disclosure of return information claims, Counts 5, 6, and 7 of the complaint, based on two grounds. First, he claims that the United States relies on an unconstitutional regulation. Second, he asserts that the statute of limitations had not yet expired when he had filed his complaint. Both of these arguments fail.

Jaeger claims that "the regulation cited by counsel is unconstitutional and unenforceable" as it subjects him to potential identity theft. However, his opposition fails to contain a single citation in support of his claim that 26 C.F.R. § 301.6103(k)(6)-1(a)(vi) is unconstitutional. This is unsurprising given that courts have repeatedly applied the regulation and upheld its validity. See ,e.g., Rhodes v. United States, No. 06-1840, 2007 U.S. Dist. LEXIS 80232 at *2 (D.D.C. Oct. 31, 2007). Further, this Court has previously held that a plaintiff's allegation that a notice of filing of federal tax lien which purportedly subjected the plaintiff to the possibility of identity theft, failed to state a claim upon which relief could be granted because the conduct was permissible pursuant to 26 U.S.C. § 6103(k)(6) and 26 C.F.R. § 301.6103(k)(6). See ,e.g., Glass v. United States, 480 F. Supp. 2d 162, 166 (D.D.C. 2007). Jaeger's assertion is, therefore, unfounded.

Counts 5, 6, and 7 are additionally barred by the statute of limitations. 26 U.S.C. § 7433 provides that an action must be brought within "two years after the date the

right of action accrues." The right of action accrues when the taxpayer has had a "reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. 301.7433-1(g); see also Opdahl v. United States, Case No. 98-0262, 2001 U.S. Dist. LEXIS 14098 at *7 (D.D.C. Aug. 16, 2001). The filing of a notice of federal tax lien is sufficient to fulfill this requirement and to constitute the accrual of the cause of action. See Snyder v. Internal Revenue Service, Case No. 97-2929, 1998 U.S. Dist. LEXIS 16671 at *3 (D.D.C. Oct. 6, 1998).

The notice of federal tax lien that Jaeger claims was an unauthorized disclosure of return information was filed on January 14, 2005. (See Certificate of Official Record, filed herewith as Exhibit A). The two year statute of limitations therefore expired on January 14, 2007. As Jaeger filed his complaint on August 2, 2007, his claims for the unauthorized disclosure of return information are untimely and barred by the statute of limitations.

Counts 5, 6 and 7 of Jaeger's complaint must be dismissed because they fail to state a claim upon which relief can be granted and because they are barred by the statute of limitations.

### III. Jaeger's remaining allegations fail short of the Fed. R. Civ. P. 8 pleading requirements

Jaeger accurately states that he is merely required to provide a short and plain statement of his claims. However, he has not done so regarding Counts 2-4, 8-13 and 15 of his complaint. Rather, he simply restates statutory language and summarily

concludes that the United States has violated the statutes. He is required to do more to place the defendant on notice of the facts and nature of his claims. Here, the United States is on notice of nothing beyond the statutes that Jaeger claims were violated. He does not state how the statutes were violated, where they were violated or by whom. Simply put, no information regarding the basis of his claims is provided. A plaintiff must do more than simply copy the statutory language and allege that it has been violated to be able to avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6). See Buaiz v. United States, 471 F. Supp. 2d 129, 137 (D.D.C. 2007)(discussing that when "deciding a motion under Rule 12, the Court need not accept as true conclusions of law or legal conclusions cast as factual allegations" and holding that the plaintiff could not state a valid cause of action by "copying the language from the statute into his Complaint"). Jaeger has wholly failed to provide information placing the United States on notice regarding the basis of his claims. Counts 2-4, 8-13 and 15 of Jaeger's complaint should therefore be dismissed.

## Conclusion

The United States' motion to dismiss should be granted for all counts of Jaeger's complaint. Counts 1 and 14 fail as the United States has not waived sovereign immunity pursuant to Section 7433 regarding conduct related to tax assessments. Counts 5, 6 and 7 fail to allege conduct that constitutes an unauthorized disclosure of return information and are barred by the statute of limitations. Finally, Counts 2-4, 8-13 and 15 fail to fulfill the pleading requirements of Fed. R. Civ. P. 8(a) as they contain no

factual information placing the United States on notice of the basis of Jaeger's claims.

The United States motion to dismiss should be granted.

Dated: November 26, 2007

                                                Respectfully submitted,

                                                _____/s/ Benjamin J. Weir_____
                                                BENJAMIN J. WEIR (D.C. Bar No. 494045)
                                                Trial Attorney, Tax Division
                                                U.S. Department of Justice
                                                Post Office Box 227
                                                Ben Franklin Station
                                                Washington, D.C.  20044
                                                Telephone: (202) 307-0855

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

## CERTIFICATE OF SERVICE

I, Benjamin J. Weir, certify that on November 26, 2007, a copy of the foregoing Reply Brief in Support of Defendant's Motion to Dismiss was served upon the following via postage prepaid U.S. Mail:

        Jonathan J. Jaeger
        7 Blue Coat Lane
        Westport, CT 06880.


        /S/ Benjamin J. Weir
        BENJAMIN J. WEIR

2888177.1

# EXHIBIT A

United States  of America

**Department of the Treasury**
**Internal Revenue Service**

Date: October 23, 2007

## CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed transcript(s) is(are) an exact transcript of the account of the Taxpayer named herein in respect to the taxes specified. It is a true and complete transcript for the period(s) stated of all assessments, abatements, credits, and refunds relating thereto as disclosed by the records of this office as of the date of this certification. It also contains a statement of all unidentified and advanced payments, if any, for the periods(s) stated.

JONATHAN   J   JAEGER

For tax period(s) December 31, 1999
Form   1040
Certification of Assessment and Payments consisting of  5      page(s)
under the custody of this office.

IN WITNESS WHEREOF, I have hereunto set my hand, and caused the seal of this office to be affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:



```
            CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------------
JONATHAN J JAEGER                          EIN/SSN:
```


```
TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040       TAX PERIOD: DEC  1999
                                        ASSESSMENT,      PAYMENT,       ASSESSMENT
                                        OTHER DEBITS     CREDIT         DATE (23C,
DATE       EXPLANATION OF TRANSACTION   (REVERSAL)       (REVERSAL)     RAC 006 )
--------------------------------------------------------------------------------
           ADJUSTED GROSS INCOME
                 107,895.00

           TAXABLE INCOME
                 100,845.00

08-15-2003 SUBSTITUTE FOR RETURN                         0.00           10-13-2003
           29210-242-26304-3

04-15-2000 EXTENSION OF TIME TO FILE
           EXT. DATE  08-15-2000

           ESTIMATED TAX PENALTY        809.27                          06-14-2004
           20042208

           LATE FILING PENALTY          3,972.15                        06-14-2004
           20042208

04-15-2000 WITHHOLDING CREDIT                            8,387.00

           ADDITIONAL TAX ASSESSED      26,041.00                       06-14-2004
           BY EXAMINATION
           AUDIT DEFICIENCY PER
           DEFAULT OF 90 DAY LETTER
           29247-548-00092-4   20042208

06-14-2004 RENUMBERED RETURN
           29247-548-00092-4

           INTEREST ASSESSED            6,521.55                        06-14-2004
           20042208

           FAILURE TO PAY TAX           4,413.50                        06-14-2004
           PENALTY
           20042208

01-14-2005 FEDERAL TAX LIEN

FORM 4340   (REV. 01-2002)              PAGE    1
```

```
            CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-------------------------------------------------------------------------------
JONATHAN J JAEGER                        EIN/SSN: [REDACTED]


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040         TAX PERIOD: DEC  1999

                                         ASSESSMENT,      PAYMENT,     ASSESSMENT
                                         OTHER DEBITS     CREDIT       DATE (23C,
DATE        EXPLANATION OF TRANSACTION   (REVERSAL)       (REVERSAL)   RAC 006 )
-------------------------------------------------------------------------------
02-07-2005  FEES AND COLLECTION COSTS                     26.00

01-10-2005  INTENT TO LEVY COLLECTION
            DUE PROCESS NOTICE
            LEVY NOTICE ISSUED

01-13-2005  INTENT TO LEVY COLLECTION
            DUE PROCESS NOTICE
            RETURN RECEIPT SIGNED

02-07-2005  MODULE IN FEDERAL PAYMENT
            LEVY PROGRAM

12-22-2003  OVERPAID CREDIT APPLIED                       751.03
            1040       200012

03-21-2005  FAILURE TO PAY TAX                            18.78-
            PENALTY ABATED

09-06-2005  SUBSEQUENT PAYMENT                            514.51
            LEVY

11-07-2005  SUBSEQUENT PAYMENT                            34,611.77
            LEVY

            INTEREST ASSESSED                             2,499.62     12-05-2005
            20054708

FORM 4340    (REV. 01-2002)              PAGE    2
```

```
           CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-----------------------------------------------------------------------------
JONATHAN J JAEGER                          EIN/SSN ███████


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040        TAX PERIOD: DEC  1999

                                      ASSESSMENT,      PAYMENT,      ASSESSMENT
                                      OTHER DEBITS     CREDIT        DATE (23C,
DATE         EXPLANATION OF TRANSACTION (REVERSAL)     (REVERSAL)    RAC 006 )
-----------------------------------------------------------------------------

12-05-2005   MODULE REVERSED OUT OF
             FEDERAL PAYMENT LEVY
             PROGRAM

06-14-2004   Statutory Notice of Balance Due

08-30-2004   Notice of Balance Due

10-04-2004   Statutory Notice of Intent to Levy


FORM 4340  (REV. 01-2002)                   PAGE     3
```

```
             CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------------------

JONATHAN J JAEGER                        EIN/SSN ███████████



TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040        TAX PERIOD: DEC 1999
------------------------------------------------------------------------------------


BALANCE              0.00
------------------------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN. I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.
------------------------------------------------------------------------------------

SIGNATURE OF CERTIFYING OFFICER: [signature]
PRINT NAME: BEVERLY S. NADERMANN
TITLE:      OPERATIONS MANAGER, ACCOUNTING CONTROL/SERVICES
DELEGATION ORDER:   SC-C 198   (REV. 8)

LOCATION: INTERNAL REVENUE SERVICE

          ACCOUNT STATUS DATE 10/22/2007

FORM 4340   (REV. 01-2002)                    PAGE      4
```