UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN J. JAEGER,

    Plaintiff,

        v.

UNITED STATES GOVERNMENT,

    Defendant.

Civil Action No. 07-1409 (JDB)

## MEMORANDUM OPINION

    Plaintiff Jonathan Jaeger seeks damages pursuant to 26 U.S.C. § 7433 for alleged misconduct by the Internal Revenue Service ("IRS") in connection with the collection of taxes in the absence of a tax assessment, resting his claims on many of the same boilerplate allegations that have been asserted by numerous other individuals mounting similar challenges in this district. His first lawsuit on this subject was dismissed for failure to exhaust administrative remedies. See Jaeger v. United States, No. 06-0625, 2006 WL 1518938 (D.D.C. May 26, 2006). Plaintiff now alleges that he has exhausted his administrative remedies. Compl. at 2. Defendant responds that the complaint still must be dismissed because several of the claims do not fit within the cause of action authorized by section 7433, and the complaint, in any event, contains insufficient factual allegations to satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a). Defendant therefore has moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

**BACKGROUND**

Section 7433(a) of the Internal Revenue Code ("Code") authorizes taxpayers to bring an action for civil damages against any officer or employee of the IRS who acts in disregard of the Code or its implementing regulations in connection with collection activity. The provision authorizing this cause of action states:

> If, <u>in connection with any collection of Federal tax</u> with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a) (emphasis added).

Plaintiff alleges that, beginning with tax year 1999 and continuing to the present, defendant United States, through the IRS and its employees, has disregarded the provisions of the Internal Revenue Code and its regulations in the course of pursuing unlawful collection activities against plaintiff in the absence of a tax assessment. Compl. at 2-13. Plaintiff enumerates 15 "counts" of alleged IRS misconduct, reciting a litany of regulations and statutory provisions, but providing few facts underlying the violations alleged. <u>See id.</u> at 6-15. Plaintiff does not identify the amount of taxes demanded by the IRS, specify the persons involved in the alleged misconduct, or describe the encumbered properties at issue. Nonetheless, drawing all inferences in plaintiff's favor, the claims can fairly be summarized as alleging misconduct by the IRS beginning with a failure to make lawful assessments and to provide copies of assessment records, followed by unidentified "conduct the natural consequence of which is to harass, oppress, or abuse plaintiff(s)," and including unlawful attempts to collect taxes through improper notices of unidentified levies and liens issued without proper procedures. <u>Id.</u>

Based on these allegations, plaintiff requests an order directing defendant to pay damages in the amount of $10,000 for each disregard of each Internal Revenue Code law or regulation under 26 U.S.C. § 7433, or in the alternative, an amount one and half times the statutory fine under 26 U.S.C. § 7214, a separate provision of the Internal Revenue Code governing criminal offenses by federal employees.  Id. at 13.

## STANDARD OF REVIEW

"[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Leatherman v. Tarrant Cty. Narcotics and Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979).  Therefore, the factual allegations must be presumed true, and plaintiffs must be given every favorable inference that may be drawn from the allegations of fact.  Scheuer, 416 U.S. at 236; Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000).  However, the Court need not accept as true "a legal conclusion couched as a factual allegation," nor inferences that are unsupported by the facts set out in the complaint.  Trudeau v. Federal Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Here, the Court will treat defendant's motion to dismiss as one for failure to state a claim upon which relief can be granted because the deficiency alleged pertains to the boundaries of the right of action under section 7433, in contrast to a statutory provision speaking to the jurisdiction of the district courts.  See Arbaugh v. Y&H Corp., 126 S. Ct. 1235, 1245 (2006) ("when Congress does not rank a statutory limitation as . . . jurisdictional, courts should treat the restriction as non-jurisdictional in nature"); see also Trudeau, 456 F.3d at 188, 191 (observing

3

that whether a statute authorizes a cause of action presents a question of whether plaintiff states a claim upon which relief can be granted, rather than jurisdiction).

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court is mindful that all that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); accord Erickson v. Pardus, 551 U.S. ___, 127 S. Ct. 2197, 2200 (2007) (per curiam).  Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp., 127 S. Ct. at 1964-65; see also Papasan, 478 U.S. at 286.  Instead, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp., 127 S. Ct. at 1965 (citations omitted).

## DISCUSSION

Defendant first moves to dismiss plaintiff's claims relating to the IRS's alleged failure to assess taxes and provide assessment notices (Counts 1 and 14) on the ground that conduct pertaining to the assessment of taxes is not actionable under section 7433 because that provision creates a right of action only for conduct "in connection with any collection of Federal tax." See Def.'s Mem. at 1-2.  Judge Collyer conducted a comprehensive analysis of this issue in Buaiz v. United States, 471 F. Supp. 2d 129, 135-36 (D.D.C. 2007), and reached the well-supported conclusion that "§ 7433 does not provide a cause of action for wrongful tax assessment or other

actions that are not specifically related to the collection of income tax."  Judge Collyer observed that all of the circuits that have addressed this issue, along with several district courts, have reached the same conclusion, and that the holding is supported by the legislative history, the structure of the Internal Revenue Code, and principles of statutory construction.  Id.  (citing Miller v. United States, 66 F.3d 220, 222-23 (9th Cir. 1995), Shaw v. United States, 20 F.3d 182, 184 (5th Cir. 1994), and Gonsalves v. IRS, 975 F.2d 13, 16 (1st Cir. 1992)).  Plaintiff attempts to respond by proffering that, as a factual matter, there is no evidence of an IRS assessment against him, but that response wholly fails to address the legal issue of whether section 7433 authorizes a cause of action for IRS action (or inaction) concerning assessments.  See Pl.'s Response at 1.  For the reasons articulated in Buaiz, then, this Court joins in the holding that section 7433 does not provide a cause of action for wrongful tax assessment, the absence of a tax assessment, or other actions not related to the collection of income tax.[1]  See also Spahr v. United States, 501 F. Supp. 2d 92, 95 (D.D.C. 2007) (Huvelle, J.) (adopting the holding of Buaiz).  Accordingly, defendant's motion to dismiss Counts 1 and 14 is granted.

Defendant moves to dismiss the remaining claims for failure to state a claim upon which relief can be granted.  Defendant primarily contends that the allegations in support of those claims merely restate or paraphrase the statutory language of numerous Internal Revenue Code provisions without identifying the facts in support of the claims.  See Def.'s Mem. at 4-5.  The

---

[1] Judge Collyer held that such limitations on the right of action under section 7433 are jurisdictional because they pertain to the scope of the United States' waiver of sovereign immunity.  Buaiz, 471 F. Supp. 2d at 135-36.  This Court concludes, however, that the limitations on the right of action are nonjurisdictional because the language of section 7433 is not jurisdictional (see Arbaugh, 126 S. Ct. at 1245), and, furthermore, this Circuit treats the lack of a right of action as an issue of failure to state a claim upon which relief can be granted.  See Trudeau, 456 F.3d at 188, 191.

Court agrees that the allegations are far too conclusory to satisfy the notice pleading standards of Fed. R. Civ. P. 8(a). The complaint, although 13 pages in length, contains very few factual allegations.  Each of the 15 counts first recites a broad reference to IRS "tax collection action" against plaintiff from 1999 "continu[ing] to the filing of this action." Compl. at 3-12.  Each count then states in a conclusory manner that "[i]n connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6203 [or, in subsequent counts, a different citation] with intent to defeat the application thereof," and then quotes or paraphrases the statutory provision cited.  Id.  Each of the 15 counts then concludes with the statement that "[d]efendant has refused to provide plaintiff(s), upon request, with documents evidencing that defendant has complied with the aforementioned statute/regulation."[2]  Id.

These excerpts are nothing more than legal conclusions -- that defendant has violated a provision of the Internal Revenue Code -- interspersed with formulaic recitations of the statutory language.  But, as the Supreme Court observed in Bell Atlantic Corp. v. Twombly, a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation" of legal elements to satisfy the Rule 8 notice pleading standard.  127 S. Ct. at 1964-65.  Instead, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id. (citations omitted).

Stripped of the conclusory legal conclusions and formulaic language from the Internal Revenue Code, the only factual allegations that can be discerned in plaintiff's complaint are that the IRS has taken some "tax collection action" against plaintiff from 1999 to the present, and that

---

[2] Count 9 refers to an "attached affidavit," but no such affidavit appears in the record. Defendant noted this omission in its brief (see Def.'s Mem. at 5 n.2), and plaintiff has not disputed the absence of an affidavit.

these actions include one or more unidentified "notice(s) of tax lien(s)" in the State of Connecticut, and perhaps elsewhere.[3] Such scant factual allegations fail to satisfy the notice pleading requirements because they fail to put defendant on notice as to which notices of tax liens are at issue or the IRS conduct pertaining to specific liens that is allegedly unlawful, or whether some other action in pursuit of collection is at issue.[4]

      Defendant also moves to dismiss the complaint to the extent plaintiff asserts a right of action for damages under 26 U.S.C. § 7214(a). See Def.'s Mem. at 5-6. The Court agrees that claim must be dismissed. Section 7214 is a criminal statute that does not provide for a private right of action and thus is "not enforceable through a civil action." See Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007); Wesselman v. United States, 501 F. Supp. 2d 98, 99-100 n. 1 (D.D.C. 2007). Furthermore, section 7433 provides the exclusive damages remedy for any alleged IRS conduct "in connection with any collection of Federal tax with respect to a taxpayer." 26 U.S.C. § 7433(a); Evans v. United States, 478 F. Supp. 2d 68, 71 (D.D.C. 2007); Ross v. United States, 460 F. Supp. 2d 139, 151-52 (D.D.C. 2006).

---

[3] Defendant has located one such notice of tax lien dated January 14, 2005, and contends that any disclosure made through the recording of this notice of lien is barred by the two-year statute of limitations or, in the alternative, is authorized by 26 U.S.C. § 6103 and 26 C.F.R. § 301.6103(k)(6)-1(a)(vi). Defendant's argument is a strong one, as several courts have observed that a disclosure that occurs as a result of the recording of a notice of lien is an authorized disclosure pursuant to these provisions. See, e.g., Mann v. United States, 204 F.3d 1012, 1018 (10th Cir. 2000); Glass v. United States, 480 F. Supp. 2d 162, 166 (D.D.C. 2007). However, the Court can only guess at which notice -- or notices -- of lien plaintiff intended to refer to since he has not identified any particular notice of lien in his complaint. Additionally, at this stage of the proceedings, the Court does not consider evidence outside of the pleadings.

[4] For example, plaintiff makes the broad allegation, reciting language from section 6304, that the IRS has "engag[ed] in conduct the natural consequence of which is to harass, oppress, or abuse plaintiff(s)." Compare Compl. at 4 with 26 U.S.C. § 6304 ("The Secretary may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax."). The conduct that falls within that legal description is not identified in the complaint.

## **CONCLUSION**

For the foregoing reasons, the Court will grant defendant's motion to dismiss plaintiff's complaint. A separate order has been issued on this date.

/s/
JOHN D. BATES
United States District Judge

Dated:   December 20, 2007